1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                      SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-1558-CRB
                                      )
   *This document relates to*         )
21                                    )   **PFIZER INC., PHARMACIA**
   CURT CARLSON,                      )   **CORPORATION, AND G.D.**
22                                    )   **SEARLE LLC'S ANSWER TO**
              Plaintiff,              )   **COMPLAINT**
23                                    )
        vs.                           )   **JURY DEMAND ENDORSED**
24                                    )   **HEREIN**
   PFIZER, INC., PHARMACIA CORPORATION, )
25 and G.D. SEARLE LLC,               )
                                      )
26            Defendants.             )
                                      )
27                                    )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1        NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                      **I.**

6            **PRELIMINARY STATEMENT**

7        The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11                    **II.**

12                **ANSWER**

13         **Response to Introduction**

14        Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

16   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

17   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

18   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

19   developed, tested, marketed, co-promoted, and distributed Bextra® in the United States to be

20   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

21   with their approval by the FDA.  Defendants admit, as indicated in the package insert approved

22   by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of

23   osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

24   dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in

25   accordance with its FDA-approved prescribing information.  Defendants state that the potential

26   effects of Bextra® were and are adequately described in its FDA-approved prescribing

27   information, which was at all times adequate and comported with applicable standards of care

28   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraph of the Complaint.

2  **Response to Allegations Regarding Jurisdiction and Venue**

3  1.    Defendants state that this paragraph of the Complaint contains legal contentions to

4  which no response is required.  To the extent that a response is deemed required, Defendants

5  are without knowledge or information sufficient to form a belief as to the truth of the

6  allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, the amount in

7  controversy, and the judicial district in which the asserted claims allegedly arose, and,

8  therefore, deny the same.  However, Defendants admit that Plaintiff claims the parties are

9  diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  **Response to General Allegations**

12  2.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

13  deny that Plaintiff is entitled to any relief or damages.  Defendants are without knowledge or

14  information sufficient to form a belief as to the truth of the allegations in this paragraph of the

15  Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.

16  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

17  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

18  authorized to prescribe drugs in accordance with its approval by the FDA.  Defendants admit

19  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

20  developed, tested, marketed, co-promoted, and distributed Bextra® in the United States to be

21  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

22  with its approval by the FDA.  Defendants state that Bextra® was and is safe and effective

23  when used in accordance with its FDA-approved prescribing information.  Defendants state that

24  the potential effects of Bextra® were and are adequately described in its FDA-approved

25  prescribing information, which was at all times adequate and comported with applicable

26  standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused

27  Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

28  Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  3.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

2  damage, and deny the remaining allegations in this paragraph of the Complaint.

3  4.     Defendants deny the allegations in this paragraph of the Complaint.

4  5.     Defendants deny the allegations in this paragraph of the Complaint.

5  6.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6  damage, and deny the remaining allegations in this paragraph of the Complaint.

7  7.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11  which developed, tested, marketed, co-promoted, and distributed Bextra® in the United States

12  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13  accordance with their approval by the FDA.  Defendants state that the allegations in this

14  paragraph of the Complaint regarding "successors in interest" are vague and ambiguous.

15  Defendants are without knowledge or information sufficient to form a belief as to the truth of

16  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  8.     Defendants admit that they do business in the State of Illinois.   Defendants deny the

19  remaining allegations in this paragraph of the Complaint.

20  9.     Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct, deny committing a tort in the States of Illinois or

25  California, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining

26  allegations in this paragraph of the Complaint.

27  10.     Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is required.  To the extent that a response is deemed required, Defendants

state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny committing a tort in the States of Illinois or California, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that Pharmacia is registered to do and does business in the State of Illinois. Defendants admit that Pharmacia may be served through its registered agent. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pfizer is registered to do and does business in the State of Illinois.  Defendants admit that Pfizer may be served through its registered agent. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny committing a tort in the States of Illinois or California, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted, and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Overview Allegations**

17.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1558-CRB

is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Plaintiff fails to provide the proper context for the remaining allegations in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

1  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

2  paragraph of the Complaint.

3  24.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

6  effective when used in accordance with its FDA-approved prescribing information.  Defendants

7  state that the potential effects of Bextra® were and are adequately described in its FDA-

8  approved prescribing information, which was at all times adequate and comported with

9  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10  Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

11  of the Complaint.

12  **<u>Response to Factual Allegations</u>**

13  25.    Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he

14  mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily

15  through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in

16  humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendants state that

17  Bextra® was and is safe and effective when used in accordance with its FDA-approved

18  prescribing information.  Plaintiff does not allege that Plaintiff used Celebrex® in this

19  Complaint.  Nevertheless, Defendants state that Celebrex® was and is safe and effective when

20  used in accordance with its FDA-approved prescribing information.  Defendants state that

21  Plaintiff fails to provide the proper context for the allegations in this paragraph of the

22  Complaint regarding Vioxx®, aspirin, and ibuprofen.  Defendants therefore lack knowledge or

23  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

24  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  26.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

26  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

27  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

28  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

2    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3    accordance with their approval by the FDA.  Defendants admit that, during certain periods of

4    time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

5    co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

6    providers who are by law authorized to prescribe drugs in accordance with their approval by the

7    FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

9    this paragraph of the Complaint.

10   27.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

11   steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that, as stated in the FDA-

12   approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

13   prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

14   therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

15   (COX-1)."  Defendants deny the remaining allegations in this paragraph of the Complaint.

16   28.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   29.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   30.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

2   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

4   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

5   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information.  Defendants

8   state that the potential effects of Bextra® were and are adequately described in its FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny the remaining allegations in this

11  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12  31.     Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  32.     Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  33.     Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

the Complaint.

34.     Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.  Any attempt to characterize the studies is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.     Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Strict Liability – Failure to Warn**

38.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

39.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action:**

**Strict Products Liability – Defective Design**

47.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

48.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-15-

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Negligence**

53.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

54.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-17-

ANSWER TO COMPLAINT – 3:08-cv-1558-CRB

applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

#### Response to Fourth Cause of Action: Breach of Implied Warranty

58.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex® and Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants deny the allegations in this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

#### Response to Fifth Cause of Action: Breach of Express Warranty

63.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

64.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants admit that they provided FDA-approved prescribing information regarding

5  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6  65.     Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

9  effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Bextra® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13  remaining allegations in this paragraph of the Complaint.

14  66.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  **Response to Sixth Cause of Action: Deceit by Concealment**

17  67.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's

18  Complaint as if fully set forth herein.

19  68.     Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  69.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

27  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

28  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which developed, tested, marketed, co-promoted, and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Negligent Misrepresentation**

72.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

73.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

1    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

2    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

3    developed, tested, marketed, co-promoted, and distributed Bextra® in the United States to be

4    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5    with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    74.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   75.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Bextra® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

20   Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

21   of the Complaint.

22   76.    Defendants deny any wrongful conduct and deny the remaining allegations in this

23   paragraph of the Complaint.

24   77.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26   Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28   78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    <u>**Response to Allegations Regarding Punitive Damages**</u>

3    79.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

4    Complaint as if fully set forth herein.

5    80.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    81.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Bextra® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

14   Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiff injury or

15   damage, and deny the remaining allegations in this paragraph of the Complaint.

16   82.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

21   dangerous, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining

22   allegations in this paragraph of the Complaint.

23   83.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25        Answering the unnumbered paragraph following Paragraph 83 of the Complaint,

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

## III.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-24-

on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.     Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Illinois and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Thirty-fifth Defense**

2   35.   Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

3   to any express representation.

4

**Thirty-sixth Defense**

5   36.   To the extent that Plaintiff's claims are based on a theory providing for liability without

6   proof of causation, the claims violate Defendants' rights under the United States Constitution.

7

**Thirty-seventh Defense**

8   37.   Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

9   labeling with respect to the subject pharmaceutical products were not false or misleading and,

10   therefore, constitute protected commercial speech under the applicable provisions of the United

11   States Constitution.

12

**Thirty-eighth Defense**

13   38.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

14   caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

15   law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

16   protections afforded by the United States Constitution, the excessive fines clause of the Eighth

17   Amendment of the United States Constitution, the Commerce Clause of the United States

18   Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

19   Constitutions of the States of Illinois and California.   Any law, statute, or other authority

20   purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

21   and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

22   standards to guide and restrain the jury's discretion in determining whether to award punitive

23   damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

24   advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

25   punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

26   conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

27   recovery of punitive damages in an amount that is not both reasonable and proportionate to the

28   amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-30-

1   collateral sources.

2   **Fifty-first Defense**

3   51.    Defendants' liability, if any, can only be determined after the percentages of

4   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

6   claimants and each and every other person whose fault could have contributed to the alleged

7   injuries and damages, if any, of Plaintiff.

8   **Fifty-second Defense**

9   52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10  common law gives deference to discretionary actions by the United States Food and Drug

11  Administration under the Federal Food, Drug, and Cosmetic Act.

12  **Fifty-third Defense**

13  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

14  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

16  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

18  and with the specific determinations by FDA specifying the language that should be used in the

19  labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

20  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

21  United States.

22  **Fifty-fourth Defense**

23  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25  **Fifty-fifth Defense**

26  55.    Defendants state on information and belief that the Complaint and each purported cause

27  of action contained therein is barred by the statutes of limitations contained in California Code

28  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  may apply.

2  **Fifty-sixth Defense**

3  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

4  by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

5  conduct of persons or entities other than Defendants.   Therefore, Plaintiff's recovery against

6  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

7  **Fifty-seventh Defense**

8  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

9  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

10  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

11  damages is also barred under California Civil Code § 3294(b).

12  **Fifty-eighth Defense**

13  58.    The claims asserted in the Complaint are barred, in whole or in part, because

14  Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act,

15  815 ILCS 505/1 et seq., and/or this Act is not applicable to this matter and/or to this Plaintiff.

16  **Fifty-ninth Defense**

17  59.    Defendants reserve the right to supplement their assertion of defenses as they continue

18  with their factual investigation of Plaintiff's claims.

19  **V.**

20  **PRAYER**

21  WHEREFORE, Defendants pray for judgment as follows:

22  1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

23  2.    That the Complaint be dismissed;

24  3.    That Defendants be awarded their costs for this lawsuit;

25  4.    That the trier of fact determine what percentage of the combined fault or other liability

26      of all persons whose fault or other liability proximately caused Plaintiff's alleged

27      injuries, losses or damages is attributable to each person;

28  5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    than an amount which equals their proportionate share, if any, of the total fault or other

2    liability which proximately caused Plaintiff's injuries and damages; and

3    6.    That Defendants have such other and further relief as the Court deems appropriate.

4

5    April 24, 2008                                    GORDON & REES LLP

6

7                                                      By: : _____/s/_____

8                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
9                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
10                                                        San Francisco, CA 94111
                                                          Telephone: (415) 986-5900
11                                                        Fax: (415) 986-8054

12   April 24, 2008                                    TUCKER ELLIS & WEST LLP
                                                          .
13

14                                                     By: : _____/s/_____

15                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
16                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA  90071-2223
17                                                        Telephone: (213) 430-3400
                                                          Fax: (213) 430-3409
18

19                                                        Attorneys for Defendants
                                                          PFIZER INC., PHARMACIA
20                                                        CORPORATION, AND G.D. SEARLE
                                                          LLC

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-1558-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3    trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4    Procedure.

5    April 24, 2008                                GORDON & REES LLP

6

7                                                 By: : _____/s/_____

8                                                     Stuart M. Gordon
                                                      sgordon@gordonrees.com
9                                                     Embarcadero Center West
                                                      275 Battery Street, 20th Floor
10                                                    San Francisco, CA  94111
                                                      Telephone:  (415) 986-5900
11                                                    Fax:  (415) 986-8054

12

13   April 24, 2008                                TUCKER ELLIS & WEST LLP

14

15                                                By: : _____/s/_____

16                                                    Michael C. Zellers
                                                      michael.zellers@tuckerellis.com
17                                                    515 South Flower Street, Suite 4200
                                                      Los Angeles, CA 90071-2223
                                                      Telephone:  (213) 430-3400
18                                                    Fax:  (213) 430-3409

19                                                    Attorneys for Defendants
                                                      PFIZER INC., PHARMACIA
20                                                    CORPORATION, AND G.D. SEARLE
                                                      LLC
21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111